```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NIAMBI COOPER,<br><br>   Plaintiff,<br><br> v.<br><br>FAMILY DOLLAR STORES, INC.,<br><br>   Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-1874<br>   (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

KARPF, KARPF & VIRANT, P.C.
By: Ari R. Karpf, Esq.
Neshaminy Plaza
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
 Counsel for Plaintiff

LITTLER MENDELSON, PC
By: William J. Leahy, Esq.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
 Counsel for Defendant

**IRENAS**, Senior District Judge:

 Presently before the Court is the Motion by Defendant Family Dollar Stores, Inc. to transfer this matter to the Western District of North Carolina, pursuant to 28 U.S.C. § 1404. For the reasons that follow, the Motion will be denied without prejudice.

**I.**

 Plaintiff Niambi Cooper filed this action against Defendant

on April 20, 2009, in the District of New Jersey.  Via letter dated May 19, 2009, Defendant informed the Judicial Panel on Multidistrict Litigation ("JPML") that *Cooper* was a "tag-along case" to "MDL 1932: Family Dollar Wage and Hour Litigation[,]" pending in the Western District of North Carolina ("W.D.N.C.").  On June 11, 2009, Defendant moved in this Court to transfer *Cooper* to the W.D.N.C., pursuant to 28 U.S.C. § 1404(a).

On June 12, 2009, the JPML issued a conditional order to transfer the *Cooper* matter pursuant to 28 U.S.C. § 1407.  The order was stayed for fifteen days, during which any party could file a notice of opposition to the transfer.  When no opposition was filed, the JPML directed the Clerk of Court for the District of New Jersey to transfer *Cooper* to the W.D.N.C.  The Clerk did so, and the District of New Jersey docket for this case was closed on July 6, 2009.

At the time the transfer was effected, the § 1404 motion to transfer was still pending in this Court, with the following briefing schedule in place — Defendant was to submit a brief by July 6, 2009, Plaintiff was to submit an opposition by July 20, 2009, and Defendant was to reply by July 27, 2009.  Defendant submitted a brief on July 6, 2009, maintaining that the motion to transfer pursuant to § 1404 was <u>not</u> mooted by the transfer of this matter for pre-trial purposes pursuant to § 1407.  According to Defendant, the § 1404 motion is not moot because a § 1407

transfer is only for pretrial proceedings, whereas a § 1404 transfer is for all purposes.

As explained below, Defendant is mistaken. This Court has no jurisdiction to rule on the § 1404 motion, and Defendant is precluded from renewing its § 1404 motion unless and until *Cooper* is remanded from the W.D.N.C. to this Court.

## II.

Pursuant to 28 U.S.C. § 1407(a), "civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." However, "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]" *Id.* By contrast, a transfer pursuant to 28 U.S.C. § 1404(a) is for all purposes, including trial.

## III.

The issue presented by this case can be stated thus — when, and in what court, may Defendant seek a transfer of *Cooper* pursuant to § 1404(a) for all purposes, including trial? The potential answers to that question are limited to three — (1) now, by a motion filed in this Court; (2) now, by a motion filed in the W.D.N.C.; or (3) by a motion filed in this Court following remand from the W.D.N.C. The Court will analyze the

viability of each option in turn.

The weight of authority holds that, following a § 1407 transfer, "the jurisdiction of the transferor court ceases; and that thereafter the transferor court can issue no further orders, and any steps taken by it are of no effect." *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 495-96 (J.P.M.L. 1968); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F.Supp.2d 270, 282 (D.D.C. 2002); *see Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574, 1576 (Fed. Cir. 1985) (noting that 28 U.S.C. § 1407 "is silent on the precise fate of matters *sub judice* at the time a case is officially transferred" but recognizing that the JPML "has consistently stated that transfer divests the transferor court of jurisdiction"). Therefore, Defendant is incorrect in its assertion that this Court presently has jurisdiction to rule on a § 1404(a) motion.

Pursuant to Supreme Court authority, a transferee Court is <u>without</u> authority to invoke § 1404(a) to assign a transferred case to itself. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). Therefore, Defendant is precluded from moving for a § 1404(a) transfer in the W.D.N.C.

The proper time and venue for Family Dollar to renew its § 1404(a) transfer motion is following remand to this Court. *See Solis v. Lincoln Elec. Co.*, No. 1:04-CV-17363, 2006 WL 266530, at *3 n.13 ("[T]he originating, transferor court may grant a motion

4

to transfer venue back to the transferee court, pursuant to § 1404(a), after the transferee court has remanded the case to the originating court, pursuant to § 1407(a)[.]"); *Lexecon*, 523 U.S. at 39 ("[I]f an order may be made under § 1404(a), it may be made after remand of the case to the originating district court."); *In re SFBC Int'l, Inc., Sec. & Derivative Litig.*, 435 F.Supp.2d 1355, 1356 (J.P.M.L. 2006) ("Should trial become necessary in any of the transferred actions, the question of transfer under Section 1404 can, of course, be revisited by the transferor judge when the action is remanded to the transferor court after completion of Section 1407 pretrial proceedings."). This approach is the most sensible, given that some cases may settle prior to remand.

### IV.

For the foregoing reasons, this Court is presently without jurisdiction to transfer this matter via 28 U.S.C. § 1404. Defendant's Motion will be denied without prejudice. The Court will issue an appropriate Order.


Dated: July __14__th, 2009


                                    s/ Joseph E. Irenas
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**

5